IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DAVID COE and JUDY COE,           )
                                  )
     Plaintiffs,                  )
                                  )
     v.                           )     1:05CV00294
                                  )
CMH HOMES, RANDY SPARKS, Sales    )
Representative, CHARLES ROOK,     )
Manager, HUGH COVINGTON,          )
District Manager, DANNY HAWKS,    )
Manager, DAVID M. BOOTH,          )
President,                        )
                                  )
     Defendants.                  )
```

MEMORANDUM OPINION

OSTEEN, District Judge

Plaintiffs David and Judy Coe (collectively, "Plaintiffs"), pro se, bring this action against CMH Homes, Randy Sparks, Charles Rook, Hugh Covington, Danny Hawks, and David M. Booth (collectively, "Defendants") alleging violations of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988. Defendants seek (1) dismissal of the complaint on various grounds under Federal Rule of Civil Procedure 12 and (2) sanctions under Rule 11. For the reasons stated below, the court will grant Defendants' motion to dismiss and deny the motion for sanctions and all other motions from either party.

## I. FACTUAL BACKGROUND

Plaintiff David Coe purchased a mobile home from CMH Homes, Inc. in 2002. Defendants installed that home soon thereafter. Defendants moved the home in 2004 to a new plot. Plaintiffs allege Defendants caused them damages in not moving and installing the home correctly in the second move. Defendants did not connect utility lines and anchor the mobile home fully. Plaintiffs claim Defendants' acts denied them access to their home, which caused Plaintiffs various physical and mental injuries, and Defendants did not deny access to others who lacked Plaintiffs' handicap. Plaintiffs have some physical impairment that may have existed at the time they purchased the mobile home.

## II. ANALYSIS

A. Defendants' Motion to Dismiss Under Rule 12(b)(1)

Defendants first seek dismissal under Federal Rule of Civil Procedure 12(b)(1). Defendants argue this court has no subject matter jurisdiction because Plaintiffs' claim is not a cause-of-action under the Fair Housing Act. "A motion to dismiss an action under Federal Rule 12(b)(1) . . . raises the fundamental question whether the federal district court has subject matter jurisdiction over the action before it." 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure: Civil 3d</u> § 1350, at 61 (3d ed. 2004 & Supp. 2005). No issue exists whether this court can hear a matter invoking the Federal Housing Act. Such a claim squarely falls under this court's federal question subject matter jurisdiction. The issue is whether

2

Plaintiffs have a Federal Housing Act claim, which is more correctly styled under Rule 12(b)(6), "the purpose of [which] . . . is to test the formal sufficiency of the statement of the claim for relief." 5B id. § 1356, at 354. Thus, in treating Defendants' Rule 12(b)(1) motion as a motion under Rule 12(b)(6), this court should not grant the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S. Ct. 99, 102 (1957). The court must construe the complaint's well-pled facts in the most favorable light. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Courts should carefully examine a pro se complaint given the probable lack of legal training by the complaint's author. See, e.g., Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

Under section 804 of the Fair Housing Act, 42 U.S.C. § 3604(f), it is unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap" and "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities." 42 U.S.C. § 3604(f). "Discrimination" has various meanings, but the act of discrimination must generally limit a handicapped person's ability to use the property because of his handicap. See id. § 3604(f)(3). Thus, "refusal[s] to permit . . . reasonable modifications of existing premises," "refusal[s] to make reasonable accommodations in rules, policies, practices,

3

or services," and any other condition in a sale that "may be necessary to afford such person equal opportunity to use and enjoy a dwelling" are forms of discrimination.  Id.

Section 3604 is aimed at stopping discriminatory practices in the sale or rental of property, whether it is outright denying the person the property or creating conditions or rules that would have the effect of denying a handicapped person equal opportunity to the property.  Not within the statute is discrimination in moving and installing a mobile home, which Plaintiffs already owned, in a secondary move.  Plaintiffs fail to state a claim under the Fair Housing Act because Defendants' acts do not fall under the Fair Housing Act's definition of discrimination, and Defendants' motion to dismiss will be granted.

B.   Defendants' Motion for Sanctions under Rule 11

Assuming the proper procedure for Rule 11 has been completed, see Fed. R. Civ. P. 11(c) (describing the twenty-one-day safe harbor), Defendants move for sanctions because of Plaintiffs' alleged violations of Rule 11(b)(2), which provides that the unrepresented party's signature on a paper presented to the court "certif[ies] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . the claims . . . and other legal contentions [in the presented paper] are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of

4

new law." Fed. R. Civ. P. 11(b)(2). In this court's discretion, the court sees no reason to sanction Plaintiffs. Their claim was apparently based on a flawed but creative reading of the Fair Housing Act. The court will deny Defendants' motion for sanctions.

    C.   Plaintiffs' Motions

Buried in Plaintiffs' response to Defendants' motions to dismiss were various motions. As those motions are not properly presented before the court and Plaintiffs have been warned by the court on the procedure to present motions properly, the court will deny them without consideration.

## III. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss will be granted. Defendants' Motion for Sanctions will be denied and the other motions to dismiss will be denied as moot. The court will also deny Plaintiffs' improper motions.

An order and judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

This the 11th day of July 2006.

                                    /s/ William L. Osteen
                                    United States District Judge